[Cite as *Fairley v. Lorain Cty. Probate Court*, 2019-Ohio-5456.]

| | |
|---|---|
| JULIETTE FAIRLEY | Case No. 2019-00902PQ |
| Requester | Judge Patrick M. McGrath |
| v. | |
| LORAIN COUNTY PROBATE COURT, CLERK OF THE COURT | <u>DECISION AND ENTRY</u> |
| Respondent | |

{¶1} Requester Juliette Fairley, a self-represented litigant, has filed a document labeled "Request for Judicial Notice." Fairley also has filed a document labeled "Supplement to Requester's Response to Request for Judicial Notice and to Deny Dismissal."

## I. Background

{¶2} On August 21, 2019, pursuant to R.C. 2743.75(D), Fairley sued respondent Lorain County Probate Court, Clerk of Court, alleging a denial of access to public records. The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, respondent, through counsel, moved for dismissal pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted).

{¶3} On November 6, 2019, the special master issued a report and recommendation (R&R) wherein he recommended dismissal of Fairley's complaint pursuant to Civ.R. 12(B)(1) (lack of subject-matter jurisdiction).

{¶4} On November 18, 2019—five business days after Fairley received a copy of the R&R—she filed a document labeled "Request for Judicial Notice." According to a certificate of service accompanying Fairley's document, Fairley sent a copy of the document "via email and the United States Postal Service first class with adequate postage prepaid" to respondent's counsel.

{¶5} On December 4, 2019, Fairley submitted another filing, which is labeled "Supplement to Requester's Response to Request for Judicial Notice and to Deny Dismissal." With this filing Fairley appended an order of the special master that is dated November 22, 2019 (Exhibit A). In the filing Fairley "requests that [the court] supplement her response with the decision (EXH A), deny dismissal and instead issue an Order that requires the Honorable Clerk of the Lorain County Probate Clerk to uphold press freedom and release the records queried." According to a certificate of service accompanying Fairley's filing, Fairley served the document on respondent's counsel by email and first-class mail, postage prepaid.

{¶6} The court's docket identifies Fairley's filing of November 18, 2019, as an objection to the special master's decision of November 6, 2019. The court's docket lists Fairley's filing of December 4, 2019, as a miscellaneous filing.

## II. Law and Analysis

### 1. R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation.

{¶7} R.C. 2743.75(F)(2) sets forth the standard for reviewing objections to a special master's R&R issued under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2),

[e]ither party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business

days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

**2. Fairley's filing of November 18, 2019, is a request for judicial notice—not an objection.  Fairley's request for judicial notice is not well-taken.**

{¶8} Whether Fairley's filing of November 18, 2019, constitutes an objection, as contemplated under R.C. 2743.75(F)(2), is dubious because (1) the filing is plainly denominated as a "Request for Judicial Notice," (2) the word "objection," "object," or a variant of "object" does not appear within the body of the filing, and (3) the filing does not challenge the R&R issued by the special master, including the special master's recommendation for dismissal for lack of subject-matter jurisdiction.  Rather, in the filing Fairley asks the court to take judicial notice of a news article purportedly published on November 15, 2019, which, according to Fairley, pertains to "a motion filed in the Cuyahoga County Court of Common Pleas that would limit subpoena power in the underlying racketeering claim that is currently pending before Judge Sherrie Miday relating to the Guardianship of Mrs. Fourough Bakhtiar [Saghafi] in the Lorain County Probate Court."  Fairley contends that the news article "is evidence that the practices of the Lorain County Probate Court pertaining to guardianship of the elderly, such as Mrs. Saghafi, are a matter of public concern."

{¶9} Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* 975 (10th Ed.2014).  *Accord F. W. Woolworth Co. v. Kinney*, 121 Ohio St. 462, 465, 169 N.E. 562 (1929) (Marshall, C.J., dissenting) ("'[j]udicial notice' is defined as the cognizance of certain facts which judges and jurors may properly take and act upon without proof because they already know

them; facts which may be judicially noticed are those which are part of the common knowledge of nearly all persons of common understanding and intelligence, and courts may not properly exclude from their knowledge matters which are generally known to persons of intelligence").   Evid.R. 201 governs judicial notice of adjudicative facts, which, pursuant to Evid.R. 201(A), are "the facts of the case."  Under Evid.R. 201(C) a court has discretion whether to take judicial notice.

{¶10} Here, Fairley asks the court to take judicial notice of a news article apparently published on November 15, 2019—nine days after the special master issued the R&R.  Fairley fails to specify how the news article pertains to the facts of this case that concerns a request for public records or to the special master's recommendation that Fairley's complaint should be dismissed for lack of subject-matter jurisdiction.  The court finds that Fairley's request to have the court take judicial notice of the news article is not well-taken.

**3. If Fairley's filing of November 18, 2019, were construed to be an objection, then the objection should be overruled.**

{¶11} Even if the court were to construe Fairley's filing of November 19, 2019, as an "objection," the court would conclude that Fairley's objection should be overruled because (1) in the filing Fairley does not state with particularity all grounds for the objection, as required by R.C. 2743.75(F)(2), (2) in the filing Fairley does challenge the special master's findings of fact and conclusions of law, and (3) Fairley's filing is procedurally irregular since Fairley served her objection upon respondent's counsel by email and U.S. first-class mail—not by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

**4. If Fairley's filing of December 4, 2019, were construed to be an objection pursuant to R.C. 2743.75(F)(2), then the objection would be untimely.**

{¶12} In Fairley's filing of December 4, 2019, Fairley asks the court to "deny dismissal" and issue an order directing respondent to release the records sought by Fairley—thus, by the filing Fairley seems to seek relief from the R&R's recommendation. Whether, however, Fairley's filing of December 4, 2019, should be construed as an objection under R.C. 2743.75(F)(2) is arguable because (1) the filing is plainly denominated as a "Supplement to Requester's Response to Request for Judicial Notice and to Deny Dismissal," (2) the word "objection," "object," or a variant of "object" does not appear within the body of the filing, and (3) Fairley failed to serve the document on respondent's counsel by certified mail, return receipt requested, as required by R.C. 2743.75(F)(2).

{¶13} Moreover, if Fairley's filing of December 4, 2019, were construed to be an objection, then the objection would be untimely because Fairley filed the document fourteen business days after Fairley received a copy of the R&R. *See* R.C. 2743.75(F)(2) (permitting either party to file a written objection within seven business days after receiving a report and recommendation). And, in this instance, if Fairley's filing were construed to be an untimely objection, then, according to R.C. 2743.75(F)(2), absent a timely objection by respondent, the court is not required to rule on Fairley's objection. Rather, pursuant to R.C. 2743.75(F)(2) this court would need to determine whether there is an error of law or other defect evident on the face of the R&R. However, upon independent review of the R&R, the court does not find an error of law or other defect evident on the face of the R&R. Thus, even if Fairley's filing of December 4, 2019, were construed to be an objection, Fairley's untimely objection would be of no moment.

### III. **Conclusion**

{¶14} The court holds that Fairley's filing of November 18, 2019, is a request for judicial notice; that Fairley's request for judicial notice is DENIED; and that, if Fairley's filing of November 18, 2019, were construed as an objection, then Fairley's objection should be overruled. The court further holds that Fairley's filing of December 4, 2019, is a supplemental filing to Fairley's filing of November 18, 2019 and that, if Fairley's filing of December 4, 2019, were construed as an objection, then the objection would be untimely.

{¶15} Because there is no error of law or other defect evident on the face of the special master's R&R of November 6, 2019, the court adopts the R&R. The court dismisses Fairley's complaint for lack of subject-matter jurisdiction. Court costs are assessed against Fairley. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed December 17, 2019
Sent to S.C. Reporter 1/16/20